UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

AF HOLDINGS, LLC,                           Civil Action No. 1:12-CV-03542-TWT

                    Plaintiff,

v.

HOWARD ROBINSON,

                    Defendant.

_____/

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT HOWARD ROBINSON

Pursuant to the Federal Rule of Civil Procedure 55, Plaintiff hereby requests that the Court enter a judgment by default against Defendant Howard Robinson. Defendant was served with the summons and complaint on January 9, 2013. Defendant failed to respond to Plaintiff's allegations within the time specified by Federal Rule of Civil Procedure 12(a). Therefore, because Plaintiff has shown sufficient facts to establish Defendant's liability, and default has already been entered, the Court should enter default judgment against Defendant. Based on the actions of Defendant, which led to the infringement by thousands of other individuals of Plaintiff's copyrighted work, the Court should enter judgment for at least $150,000 in statutory damages plus $2834.88 in attorney's fees and costs to Plaintiff.

### I.     RELEVANT HISTORY

Plaintiff AF Holdings LLC is the exclusive owner of the copyrighted motion picture "Sexual Obsession." (ECF No. 1 ¶ 3.) Plaintiff initially filed this action against an unknown Doe Defendant for copyright infringement for illegally downloading and distributing " Sexual Obsession" through the BitTorrent protocol. (*See* ECF No. 1.) Defendant is an individual

1

over the age of 18, who resides in this District. (ECF No. 1 ¶ 4.) Howard Robinson used the Internet Protocol ("IP") address 76.97.36.15 to unlawfully reproduce and distribute Plaintiff's copyrighted content. (*Id.*)

Plaintiff filed its Complaint on October 11, 2012. (ECF No. 1.) The Summons and a copy of the Complaint were personally served upon Defendant on January 9, 2013 at the address provided by his ISP, informing him of this lawsuit and explaining that if he failed to respond with an answer or motion within 21 days, judgment by default will be entered against him. (Proof of Service, attached hereto as Exhibit B; Declaration of Jacques Nazaire [hereinafter "Nazaire Decl."] ¶ 7, attached hereto as Exhibit A.)

As of January 30, 2013, Defendant had not responded, either through an answer or a motion, to Plaintiff's complaint, so Plaintiff filed a request for the Clerk of Court to enter default against Defendant on the ground that he failed to appear or otherwise respond to Plaintiff's Complaint within the time prescribed by the FRCP Rule 12(a). (ECF No. 5.) The Clerk of Court entered default as to Defendant on February 28, 2013. (ECF No. 6.) Because Defendant still has not responded, either through an answer or a motion, to Plaintiff's complaint, Plaintiff submits this motion for entry of default judgment against him.

## II.    ARGUMENT

This section consists of four parts. Part A sets forth the standard for default judgment. Part B argues that Plaintiff has established Defendant's liability. Part C argues that Plaintiff is entitled to collect statutory damages as a result of damage caused by Defendant's actions. Part D argues that Plaintiff is entitled to collect attorneys' fees as a result of Defendant's actions.

///

///

2

### A.  Standards for Default Judgment.

Federal Rule of Civil Procedure 55(a) provides that the clerk of the court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Once a party has been defaulted, a court may enter a default judgment. Fed. R. Civ. P. 55(b); *see also Carrier v. Jordaan*, 746 F. Supp. 2d 1341, 1345-46 (S.D. Ga. 2010). Upon entry of default, the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true, with the exception of the allegations as to the amount of damages. *Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) (holding that "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters."); *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987); *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543-44 (11th Cir. 1985)(explaining that damages may be awarded on default judgment only if the record adequately reflects the basis for award). Finally, this process is limited by Rule 54, which states that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

### B.  Plaintiff has Established Defendant's Liability

Plaintiff has established that Defendant is liable for its claims of copyright infringement, contributory infringement, civil conspiracy, and negligence. (*See* ECF No. 1.) Plaintiff addresses each claim in greater detail below.

#### 1.   Plaintiff has established Defendant's liability for copyright infringement

Plaintiff's pleadings establish Defendant's liability for copyright infringement. "To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel.*

*Serv. Co.*, 499 U.S. 340, 361 (1991). Plaintiff has met both of these elements. In regards to the first element, in its Complaint Plaintiff alleged that "Plaintiff is the exclusive rights holder with respect to BitTorrent-based reproduction and distribution of the Video." (ECF No. 1 ¶ 18.) Plaintiff further alleged that "[t]he Video is currently registered in the United States Copyright Office (Copyright No. PA0001725120)," and that "Plaintiff received the rights to this Video pursuant to an assignment agreement." (*Id.* ¶ 19.) A copy of the certificate of registration and a copy of the assignment agreement were attached to complaint as Exhibits A and B respectively. (*See* ECF Nos. 1-1 and 1-2.)

Further, in judicial proceedings, a "certificate of registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c) (1977). Plaintiff's certificate of registration meets this requirement and establishes prima facie evidence of a valid copyright. (ECF No. 1-1) (showing that the date of publication is March 14, 2011 and the registration date is March 25, 2011). Once Plaintiff produced the certificate of copyright, the burden shifted to Defendant to demonstrate why the claim of copyright is invalid. *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1541 (11th Cir. 1996) (citing *Bibbero Sys., Inc. v. Colwell Sys., Inc.*, 893 F.2d 1104, 1106 (9th Cir. 1990). Because Defendant failed to answer Plaintiff's complaint or otherwise response, he failed to rebut this presumption.

In regards to the second element, Plaintiff alleged that "Defendant, using IP address 76.97.36.15, without Plaintiff's authorization or license, intentionally downloaded a torrent file particular to Plaintiff's Video, purposefully loaded that torrent file into his BitTorrent client, entered a BitTorrent swarm particular to Plaintiff's Video, and reproduced and distributed the Video to numerous third parties." (ECF No. 1 ¶ 22.) Plaintiff further alleged the specific date and

time in which Plaintiff observed the infringement. (*Id.* ¶ 23) ("Plaintiff's investigators detected Defendant's illegal download on April 6, 2011 at 11:25:38 (UTC).") Finally, Plaintiff alleged that "Defendant's conduct infringes upon Plaintiff's exclusive rights of reproduction and distribution that are protected under the Copyright Act." (*Id.* ¶ 33.) The Court must accept these well-pleaded allegations as fact. *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). Based on Plaintiff's allegations both elements for copyright infringement have been established.

## 2. Plaintiff has established Defendant's liability for contributory infringement

Plaintiff's pleadings establish Defendant's liability for contributory infringement of Plaintiff's copyrighted work. To establish Defendant's liability for contributory infringement, Plaintiff must meet two elements: 1) that Defendant knew, or had reason to know, of the direct infringement, and 2) that Defendant materially contributed to the infringing activity. *Cable/Home Commc'n Corp. v. Network Prods.*, 902 F.2d 829, 845-46 ("This court has stated the well-settled test for a contributory infringer as '[o]ne who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another.'") (quoting *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971)). "Furthermore, this court explicated that '[t]he standard of knowledge is objective: 'know, or have reason to know.'" *Id.* (quoting *Casella v. Morris*, 820 F.2d 362, 365 (11th Cir. 1987)). Plaintiff's pleading meet this requirement. Plaintiff alleged that "Defendant knew of the infringement, was conscious of his own infringement, and Defendant was fully conscious that his actions resulted in multiple other persons derivatively downloaded the file containing Plaintiff's Video." (ECF No. 1 ¶ 50.) Therefore, Plaintiff has established that Defendant had knowledge of the infringing activities.

Contributory liability requires that the secondary infringer materially contributes to the infringing activity. *See Cable/Home Commc'n Corp.*, 902 F.2d at 845. Plaintiff alleged that "The infringement by the other BitTorrent users could not have occurred without Defendant's participation in uploading Plaintiff's copyrighted works. As such, Defendant's participation in the infringing activities of others is substantial and contributed, for profit, to the infringing activity of thousands of other peers over the Internet across the world." (*Id.* ¶ 51.) Plaintiff has established that Defendant had knowledge of the infringing activities and materially contributed to the infringement conduct of others. Therefore, Plaintiff has established Defendant's liability for contributory infringement.

### C.  Plaintiff is Entitled to Recover Statutory Damages as a Result of Defendant's Actions

Because Plaintiff's well-pled complaint establishes Defendant's liability, Plaintiff must now set forth the damages caused by his actions. *See Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264 (11th Cir. 2003). The Copyright Act permits copyright owners to obtain statutory damages for the infringement of its copyrighted work. 17 § 504. This is applicable to claims of contributory infringement.  *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417 (1984); *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829 (11th Cir. 1990). The copyright holder may seek "a sum of not more than $150,000" if the "infringement was committed willfully." 17 § 504 (c)(2). A court can reduce the statutory award if the "infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright." *Id.* Further, a court should remit the statutory damages where the:

> infringer believed and had reasonable grounds for believing that
> his or her use of the copyrighted work was a fair use under section
> 107, if the infringer was: (i) an employee or agent of a nonprofit
> educational institution, library, or archives acting within the scope
> of his or her employment who, or such institution, library, or

archives itself, which infringed by reproducing the work in copies or phonorecords; or (ii) a public broadcasting entity which or a person who, as a regular part of the nonprofit activities of a public broadcasting entity (as defined in section 118(f)) infringed by performing a published nondramatic literary work or by reproducing a transmission program embodying a performance of such a work.

*Id.* In the instant case, the infringement has been committed willfully as Defendant was aware or should have been aware of the infringement. (ECF No. 1 ¶ 32) ("Defendant's conduct was willful within the meaning of the Copyright Act: intentional, and with indifference to the Plaintiff's rights."); (*id.* ¶ 20) ("The torrent file used to access the copyrighted material was named in a manner that would have provided an ordinary individual with notice that the Video was protected by the copyright laws of the United States."); (*id.* ¶ 50) ("Defendant knew of the infringement, was conscious of his own infringement, and Defendant was fully conscious that his actions resulted in multiple other persons derivatively downloaded the file containing Plaintiff's Video."). Further, due to the nature of Plaintiff's copyrighted work, Defendant was not acting within the scope of his employment at a nonprofit organization or part of the activities of a nonprofit organization. Therefore, the Court should neither reduce nor remit the statutory damages of $150,000.

### D. Plaintiff is Entitled to Recover Attorneys' Fees as a Result of Defendant's Actions

The Copyright Act permits the court to recover "full costs" and "a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Awarding attorneys' fees addresses the goals of the Copyright Act, one of them being to discourage infringement, because it enables rights holders to vindicate or defend their rights. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 526-27 (1994). Plaintiff sought attorneys' fees and costs in its Complaint. (ECF No. 1 at 14)

("Judgment in favor of Plaintiff against the Defendant awarding the Plaintiff attorneys' fees, litigation expenses (including fees and costs of expert witnesses), and other costs of this action."). When awarding attorneys' fees under the Copyright Act, the Court must initially decide whether awarding attorneys' fees are appropriate, considering such things as the motivation, objective reasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence. *Fogerty*, 510 U.S. at 535.

Here, Defendant's actions demonstrate a blatant disregard for Plaintiff's rights by, inter alia, failing to respond to numerous notices of his actions. Additionally, Plaintiff has expended considerable amounts of time and money to create its copyrighted motion picture, and now, to protect it. Plaintiff has been severely and negatively impacted by the activities of Defendant and individuals he helped to reproduce and distribute Plaintiff's work free of charge. Therefore, awarding Plaintiff attorneys' fees and costs are appropriate under the Copyright Act. As a result of Plaintiff's prosecution of this case against Defendant, Plaintiff has incurred attorney's fees and costs for which it requests inclusion in the default judgment. (*See* Nazaire Decl. ¶¶ 5-6.) Specifically, Plaintiff requests $2400.00 in attorney's fees and $434.88 in costs; for a total of $2834.88 (*Id.*) Therefore, the Court should award Plaintiff cost and fees in the amount of $2834.88

## III.    CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court enter judgment against Defendant for damages in the amount of $152,834.88.   As Plaintiff has demonstrated, Defendant infringed on Plaintiff's copyrighted work and contributed to the infringement of Plaintiff's copyrighted motion picture by numerous individuals.

Respectfully Submitted,

AF Holdings, LLC,

**DATED: March 1, 2013**

By: /s/ Jacques Nazaire   
    Jacques Nazaire, Esq. (Bar No. 142388)
    Of Counsel to Prenda Law Inc.
    125 Town Park Drive, Suite 300
    Kennesaw, Georgia 30144
    Phone: (404) 923-0529
    Email: nazaire.jacques@gmail.com
    *Attorney for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on March 1, 2013, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.  In addition, Defendant was served by U.S. mail postage prepaid consistent with the Federal Rules of Civil Procedure at the following last known residential address:

Howard Robinson
3503 Riverchase Knoll
Decatur, GA 30034

**DATE: March 1, 2013**                    By:     /s/ Jacques Nazaire, Esq.